UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE FOSTER,

    Plaintiff,

v.                              Case No. 8:09-cv-1598-T-17AEP

STATE OF FLORIDA, STATE ATTORNEYS
OFFICE, CHARLES FLINT, POLK COUNTY
SHERIFF'S DEPARTMENT, BETTEY HILLMAN,
TRENTON CLARK,

    Defendants.

## O R D E R

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted for the reasons stated below.

## Plaintiff's Allegations

Plaintiff Foster alleges:

On August 14, 2002, Bettey Hillman, an employee for Polk County Sheriff Dept. knowingly registered plaintiff illegally. On August 28, 2007, Detective Trenton Clark of Polk County Sheriff Dept. and Charles Flint of the States Attorney Office pressed charges of failure to register and violated plaintiff's right to freedom. The state knowing of their violation willfully pursued and caused plaintiff to get 4 yrs. In prison. Plaintiff's freedom has been tooken [sic] and because of lack of money plaintiff had to defend himself. Plaintiff lost time with his children that he can never get back and suffers more stress than one man should have. Plaintiff sits in jail cell innocent and illegally incarcerated listening to Public Defenders say they know he is not suppose [sic] to be incarcerated, but they don't know what to do. I hold on and keep praying. Because of criminal charge of failure to register plaintiff has suffered mental anguish, depression, and anxiety. I seeked [sic] medical attention before incarceration. Medical attention has not been persued while incarceration due to the fact that plaintiff would have to pay to see outside doctor. After incarceration plaintiff has suffered back pains, continuous headaches, leg and arm problems due to confinement inside inhumane invironment [sic]. Plaintiff's mental state has seen even some abuse inside the walls of jail.

Plaintiff claims that Defendants have violated his right to freedom because he has been illegally incarcerated. He also claims that he has been the victim of a breach of contract because charges were pressed against him after the Defendants knew that he was not supposed to be incarcerated.

Plaintiff seeks monetary relief "in the sum of 18 million dollars."

## Discussion

A review of the Polk County Sheriff's Office Inmate Jail information website reveals that Plaintiff Foster was booked into the Polk County Jail on December 11, 2008, and charged with two counts of failure to register as a sex offender pursuant to F.S.

943.0435(14)(c)(4).[1] He has been sentenced to 48 months in the Department of Corrections on the first charge, and is awaiting sentencing on the second charge.

### Plaintiff Fails To Allege Physical Injury

Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir.2000) (en banc) (holding that "Federal civil action" in § 1997e(e) means all federal claims, including constitutional claims), reinstating in part 190 F.3d 1279 (11th Cir.1999). Plaintiff has not alleged that he has suffered any physical injury while incarcerated in the Polk County Jail. His allegation that

> because of criminal charge of failure to register plaintiff has suffered mental anguish, depression, and anxiety. I seeked [sic] medical attention before incarceration. Medical attention has not been pursued while incarceration due to the fact that plaintiff would have to pay to see outside doctor. After incarceration plaintiff has suffered back pains, continuous headaches, leg and arm problems due to confinement inside inhumane invironment [sic]. Plaintiff's mental state has seen even some abuse inside the walls of jail

does not meet the requirements of 42 U.S.C. § 1997e(e). He does not contend that he requested medical care and was refused, and he does not contend that he has suffered any more than any other prisoner who is incarcerated. Therefore, the complaint must be dismissed because he has failed to state a claim under 42 U.S.C. § 1997e(e) and 42 U.S.C. § 1983.

---

[1] This section states that any sexual offender who fails to report in person as required at the sheriff's office, or who fails to respond to any address verification correspondence from the department within 3 weeks of the date of the correspondence or who fails to report electronic mail addresses or instant message names, commits a felony of the third degree, punishable as provided in "s. 775.082, s. 775.083, or 775.084."

### Claims Against Bettey Hillman Barred by Statute of Limitations

Plaintiff alleges that "On August 14, 2002, Bettey Hillman, an employee for Polk County Sheriff Dept. knowingly registered plaintiff illegally." Plaintiff's claim against Bettey Hillman accrued more than four years ago, on August 14, 2002, when she allegedly "knowingly registered plaintiff illegally." The four-year statute of limitations for 42 U.S.C. § 1983 claims has expired and Plaintiff Foster's claim against Bettey Hillman must be dismissed.

"The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. State of Georgia Pardons and Paroles Board, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citation omitted). The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under Wilson, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3). .

### Plaintiff Fails To Meet Requirements of Heck v. Humphrey

Under Heck v. Humphrey, 512 U.S. 477, 487 (1994), a prisoner may not bring a claim for damages under 42 U.S.C. § 1983 "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." Where the success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. Plaintiff has not done so. Therefore, his claims have not yet accrued in this Court.

## Plaintiff's Claims Are in the Nature of Habeas Corpus

Finally, Plaintiff's claims appear to be in the nature of habeas corpus as he is challenging his conviction for failing to register as a sex offender on the first charge, and his arrest for failing to register as a sex offender on the second charge.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to terminate all pending motions, to enter judgment against Plaintiff, and to close this case.

ORDERED at Tampa, Florida, on August 28, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Bruce Foster